OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Bowling Green Municipal Court which denied appellant's motion to suppress. For the reasons that follow, we affirm the judgment of the trial court.
Appellant, Kerry Blair, sets forth the following as sole assignment of error on appeal:
 "THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE THAT WAS OBTAINED FROM A WARRANTLESS SEARCH COMMENCED AFTER THE INITIAL PURPOSE OF THE STOP NO LONGER EXISTED."
On June 13, 1998, at 2:12 a.m., Bowling Green Police Officer Brian C. Crites was driving in the southbound lane of Prospect Street in Bowling Green, Ohio, when he observed appellant's car stopped in the eastbound lane of traffic on nearby Clough Street. Officer Crites turned around and parked his patrol car behind appellant's vehicle. The vehicle was running and its parking lights were on, but the brake lights were not illuminated. After observing appellant's stopped vehicle for at least thirty seconds, Officer Crites approached the vehicle and asked appellant to roll down the driver's side window. Appellant indicated that he could not roll down the window or open the driver's side door of the vehicle. Officer Crites then asked appellant to open the passenger's side door of the vehicle. When appellant opened the door, Officer Crites noticed the odor of an alcoholic beverage on appellant's person.
As a result of the above-described encounter, Officer Crites cited appellant with driving a motor vehicle while under the influence of alcohol, in violation of R.C. 4911.19(A)(1)[1]. On June 15, 1998, appellant appeared in Bowling Green Municipal Court and entered a plea of not guilty. On October 2, 1998, appellant filed a motion to suppress any evidence obtained "through the warrantless seizure of [appellant] * * *" on June 13, 1998.
On October 9, 1998, a hearing was held on appellant's motion to suppress. At the start of the hearing, the parties stipulated that the only issue to be decided by the court was whether Officer Crites had reasonable, articulable suspicion to justify stopping appellant. Officer Crites was the sole witness at the hearing.
Officer Crites testified that, when he saw appellant's vehicle, he turned his patrol car around and parked it behind appellant's vehicle. He stated that, after waiting for approximately thirty to sixty seconds, during which time appellant's vehicle did not move, he approached appellant's vehicle to see whether there was a medical or mechanical emergency. Officer Crites further stated that, before exiting his patrol car, he turned on his flashing lights to lessen the chance of a rear-end collision with traffic driving on Clough Street, a two-lane residential street with no shoulder.
Officer Crites testified that he knocked on the driver's side window of appellant's vehicle, after which appellant looked up and "mumbled" that he could not roll down the window because a "fuse was blown." When he asked appellant to open the driver's side door, appellant responded that the door would not open. Officer Crites further testified that, after several minutes of unsuccessfully trying to get appellant to open the driver's side door, he asked appellant to exit the vehicle through the passenger's side door. He stated that he noticed an unopened beer can on the front seat of appellant's vehicle "at some point" during his conversation with appellant. Officer Crites further stated that when appellant opened the passenger's side door of the vehicle he appeared to be a "bit sluggish" and had an odor of alcoholic beverage about his person.
On cross-examination, Officer Crites testified that, in his opinion, appellant's vehicle was illegally parked because it was obstructing traffic in the middle of the eastbound lane of traffic on Clough Street. However, he further testified that no other traffic was traveling on Clough Street at that time and, technically, appellant's vehicle was "standing" in Clough Street, not "parked" on the street, because it was still running.
At the close of all the evidence, the trial court denied appellant's motion to suppress. Thereafter, appellant entered a plea of no contest to the charge of driving a motor vehicle while under the influence of alcohol, and the trial court found him guilty. On October 23, 1998, the trial court filed a judgment entry in which it sentenced appellant to serve one hundred eighty days in jail. The sentence was stayed pending appeal. On November 25, 1998, a timely notice of appeal was filed.
In his assignment of error, appellant asserts that the trial court erred by denying his motion to suppress. In support thereof, appellant argues that Officer Crites did not have reasonable cause to order him to exit the vehicle after ascertaining that no medical or mechanical emergency existed.
We note at the outset that, "[w]hen considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness." State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, on review, an appellate court must accept the trial court's findings of fact if it finds they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594. Thereafter, the appellate court must independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
In this case, appellant concedes that Officer Crites initially was justified in driving up behind appellant's stopped vehicle and approaching the vehicle to determine whether appellant was experiencing a medical or mechanical emergency. However, appellant argues that once the officer determined that no such emergency existed, he had no justification to look into appellant's vehicle where the beer can was visible on the front seat, or to ask appellant to open the passenger's side door.
Ohio courts have recognized that, due to the extensive regulation of motor vehicles and traffic and the frequency with which a vehicle can become disabled or involved in an accident, local police often come into contact with citizens who are operating automobiles. See State v. Thayer
(Aug. 31, 1990), Clark App. No. 2667, unreported, citing Cady v. Dombrowski
(1973), 413 U.S. 433, 441; State v. Douglas (Apr. 22, 1998), Summit App. No. C.A. No. 18642, unreported. Accordingly, police officers may offer motorists assistance or investigate vehicle accidents by engaging in what has been described as "community caretaking functions." Thayer, supra. Such actions are "totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute."Id.
The record contains no evidence that Officer Crites' concern for appellant's medical condition or the condition of appellant's vehicle was relieved before appellant opened his passenger's side door. Accordingly, up to that point, while Officer Crites was attempting to ascertain whether appellant was ill or having mechanical difficulties, he was engaged in the legitimate exercise of the community caretaking function.
In addition, Officer Crites observed the unopened beer can on appellant's front seat while he was attempting to speak to appellant about opening the door. Accordingly, the officer's discovery of the beer can was lawful pursuant to the "plain view" doctrine. See State v. Waddy (1992),63 Ohio St.3d 424, 442.
However, Officer Crites testified that, immediately after appellant opened the door and began to exit the vehicle, he smelled the odor of alcoholic beverage on appellant's person. At that point, when Officer Crites began to investigate whether appellant was under the influence of alcohol, a "stop" or "seizure" clearly occurred.
It is well-established that the detention of an individual by a law enforcement officer must, at the very least, be justified by "specific and articulable facts" indicating that the detention was reasonable. Terryv. Ohio (1968), 392 U.S. 1, 21-22. The United States Supreme Court has held that:
 "[T]he Fourth Amendment requires that a seizure must be based on specific, objective facts indicating that society's legitimate interests require the seizure of the particular individual, or that the seizure must be carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers." Brown v. Texas (1979), 443 U.S. 47, 51.
Generally, the scope and duration of an investigative traffic stop must last no longer than is necessary to effectuate the purpose for which the initial stop was made. United States v. Brignoni-Ponce (1975),422 U.S. 873, 881-822; State v. Chatton (1984), 11 Ohio St.3d 59, 63. However, if circumstances attending an otherwise proper stop should give rise to a reasonable suspicion of some other illegal activity, different from that which triggered the stop, then the individual may be detained for as long as that new articulable and reasonable suspicion continues, even if the officer is satisfied that the suspicion that justified the initial stop has dissipated. State v. Myers (1990), 63 Ohio App.3d 765, 771. Whether or not a detention was reasonable depends upon the totality of the circumstances and the facts of each case. See State v. Bobo (1988),37 Ohio St.3d 177, 178.
In this case, the record shows that Officer Crites perceived that appellant was possibly impaired by alcohol when appellant opened the passenger side door of his vehicle. At that point, it would have been unreasonable for the officer to permit appellant to drive the vehicle away without conducting a further investigation.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that sufficient competent, credible evidence was presented to establish that Officer Crites had a reasonable, articulable suspicion that appellant was under the influence of alcohol, and that his suspicion was formed during the course of a legally permissible encounter, the purpose of which was to determine whether appellant was ill or having mechanical difficulty with his vehicle.
The trial court did not err by denying appellant's motion to suppress. Appellant's sole assignment of error is not well-taken. The judgment of the Bowling Green Municipal Court is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J. JUDGE
 _______________________________ James R. Sherck, J. JUDGE
 _______________________________ Richard W. Knepper, J. JUDGE
CONCUR.
[1] Appellant was initially charged with violating Bowling Green City Ordinance 71.13(B), driving with a suspended operator's license, and 73.01(A)(1), driving a motor vehicle while under the influence of alcohol. The first charge was eventually dismissed and therefore need not be discussed in this opinion. In addition, we note that Bowling Green City Ordinance 73.01(A)(1) is identical to R.C. 4911.19(A)(1). Accordingly, in discussing the issues presented in this appeal, we will refer only to R.C.4911.19(A)(1).
 COURT OF APPEALS OPINIONS AUGUST 13, 1999